# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

March 2, 2026

LETTER TO COUNSEL

RE:     *Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*[1]
         Civil No. GLS-25-00876

Dear Counsel:

Pending before this Court are briefs filed by Plaintiff Cynthia S. and the Social Security Administration and Plaintiff's Reply Brief. (ECF Nos. 10, 12, 13). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

The Court must uphold the decision of the Social Security Administration ("SSA" or the "Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial-evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will reverse the Commissioner's decision in part and remand the case back to the SSA for further consideration.

## I.      BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on August 31, 2020. (Tr. 19, 92-93, 185-86). In the application, the Plaintiff alleges that disability began on January 5, 2020 (later amended to April 1, 2020). (Tr. 19). The claim was initially denied on November 5, 2021, and upon reconsideration, denied again on December 27, 2022. (Tr. 19, 72, 95-99). On February 10, 2023, Plaintiff filed a written request for a hearing, which was granted. (Tr. 19, 113-14). An Administrative Law Judge ("ALJ") held a telephonic hearing on January 17, 2024. (Tr. 19, 38-68). On February 26, 2024, the ALJ found that the Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act beginning on

---

[1] On March 17, 2025, Plaintiff filed her case against Leland Dudek, the then Acting Commissioner of Social Security. (ECF No. 1). On May 7, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.

*Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-00876
March 2, 2026
Page 2

September 12, 2022.  (Tr. 19-29).  As the ALJ expected that the Plaintiff would improve with appropriate medical treatment, she recommended a "continuing disability review" in 36 months. (*Id.* at 29).  On January 30, 2025, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated February 26, 2024, became the final and reviewable decision of the SSA. (Tr. 1-6).  *See* 20 C.F.R. § 422.210(a).

## II.    THE LAW

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers either in the region where such individual lives or in several regions of the country."  *Id.* § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a).  *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations (the "Listings").  If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC").  A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two."  *Mascio*, 780 F.3d at 635 (alteration in original) (quoting 20 C.F.R. § 416.945(a)(2)).  Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments.  Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

At steps one through four, it is the claimant's burden to show that he is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).

*Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-00876
March 2, 2026
Page 3

### III.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The ALJ first evaluated Plaintiff's claim by following the sequential evaluation process outlined above.  (Tr. 21-29).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2020, the amended alleged onset date of Plaintiff's disability.  (Tr. 21).  At step two, the ALJ found that since April 1, 2020, Plaintiff suffered from the following severe impairments: lumbar spine stenosis, disorders of the muscle, migraines, diffuse disease of corrective tissue, and anxiety disorder.  (Tr. 21-22).  The ALJ found that these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28.  (*Id.* at 22).  However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings.  (Tr. 22-23).  Taking into account Plaintiff's severe impairments, the ALJ next assessed Plaintiff's RFC.  Despite Plaintiff's severe impairments, the ALJ determined that, since April 1, 2020, Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] can never climb ladders, ropes, or scaffolds.  [Plaintiff] can tolerate no more than occasional exposure to extreme cold temperatures.  [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  [Plaintiff] is capable of working in an environment rated moderate for noise.  [Plaintiff] can tolerate occasional interaction with the public.  [Plaintiff] can reach frequently overhead with her right upper extremity.

(Tr. 23).  At step four, the ALJ found that, since April 1, 2020, Plaintiff was unable to perform any past relevant work.  (Tr. 26-27).

In assessing Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p."  (Tr. 23).  The ALJ "also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c."  (*Id.*).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision."  (Tr. 24).  The ALJ found that "the objective medical evidence supports a finding that [Plaintiff] is capable of work within the confines of" the ALJ's RFC assessment.  (Tr. 24).  The ALJ ultimately "considered [Plaintiff's] lumbar spine stenosis, disorders of the muscle, migraines, diffuse disease of corrective tissue, anxiety disorder, treatment history, medical imaging, and corresponding symptoms when finding she is capable of a reduced range of sedentary work with additional postural, environmental, reaching, and interactive limitations."  (Tr. 25).

*Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-00876
March 2, 2026
Page 4

When evaluating the medical opinion evidence that the ALJ found most persuasive, she cited to a state agency consultant's prior administrative medical finding as persuasively concluding that Plaintiff could only perform sedentary work. (Tr. 25, 78-81).

Before making a finding regarding step five, the ALJ conducted a hearing on January 17, 2024. (Tr. 38-68). At the hearing, a vocational expert ("VE") testified, relying upon the *Dictionary of Occupational Titles* and her own experience in the field of vocational rehabilitation. The VE identified the Plaintiff's past relevant work: a specialist, an EEG technologist/head technologist. (*Id.* at 62). The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, with her RFC, would be able to perform Plaintiff's past relevant work. (*Id.*). The VE opined that the hypothetical individual would not be able to perform the past work. (*Id.*).

The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, with her RFC, could perform any work. (Tr. 62). The VE opined that the hypothetical individual could perform sedentary work such as a document preparer, an assembler, and a semiconductor bonder. (Tr. 63). Upon further inquiry by the ALJ, the VE opined that, if the individual could frequently reach overhead with the right upper extremity, their work would not be affected. (*Id.*). The ALJ further asked whether the same hypothetical individual, including the limitation as it relates to reaching overhead, could perform any work in the national economy were they to be absent, miss deadlines, or otherwise be off-task for 15% of the workday. (*Id.*). The VE opined that the hypothetical individual would not be able to perform any work. (*Id.*). The VE further opined that the same hypothetical individual would not be able to transfer any skills gained from past work to any sedentary work. (Tr. 63-64).

Finally, Plaintiff's counsel asked the VE about an employer's tolerance for absenteeism. (Tr. 64-65). The VE opined that any absences beyond two days a month, regardless of the cause, would preclude the hypothetical individual from gainful employment. (*Id.* at 65).

At step five, the ALJ ultimately determined that the Plaintiff was not disabled prior to September 12, 2022. However, as her "age category changed to an individual closely approaching advanced age," she became disabled on September 12, 2022, and continues to be disabled. (Tr. 27-28).

## IV.    DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erroneously assessed her RFC by failing to perform a function-by-function assessment of her ability to perform all of the physical tasks required in sedentary work, namely, her ability to sit for a prolonged period of time. (ECF No. 10, pp. 7-15). In response, the SSA contends that the ALJ's narrative discussion contains sufficient information to allow meaningful review. (ECF No. 12, pp. 5-10).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's argument that the ALJ failed to perform a function-by-function assessment of her ability to

perform the physical demands of sedentary work by not addressing her capacity for prolonged sitting. Accordingly, I find remand appropriate, for the reasons set forth below.

As a preliminary matter, the SSA has created a system through which it defines the physical exertional requirements for jobs in the national economy. Within this system, there are five categories in which a job may fall: (1) sedentary; (2) light; (3) medium (4) heavy; and (5) very heavy. Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." In addition, this category includes jobs that allow for sitting and only require "occasional" walking and standing. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a); SSR 83-10, 1983 WL 31251, at *5 (Jan 1, 1983) ("'Occasionally' means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and *sitting should generally total approximately 6 hours of an 8-hour workday*." (emphasis added)).

A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Pursuant to 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1), an ALJ must devise an RFC that captures a claimant's ability to do physical and/or mental work activities for a sustained period of time (i.e., sedentary, light, medium, heavy, or very heavy work), given the claimant's limitations. An ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe*, 826 F.3d at 188). In addition, the Fourth Circuit requires an ALJ's findings pertaining to a claimant's RFC to be "accompanied by 'a narrative discussion describing' the evidence supporting" each conclusion. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311); *see* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling*, 986 F.3d at 388 (quoting *Thomas*, 916 F.3d at 311). In addition, an ALJ's narrative discussion must "[contain] an accurate and logical bridge from the evidence to [a] conclusion." *Monroe*, 826 F.3d at 189. Moreover, an ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Thomas*, 916 F.3d at 311.

Here, the ALJ found at step two of the sequential evaluation process that Plaintiff had several severe impairments. (Tr. 21). The ALJ concluded that Plaintiff could perform sedentary work with the following limitations relevant to this analysis: never climb ladders, ropes, and scaffolds; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 23). Thus, the RFC is silent on Plaintiff's ability/inability to sit.

In coming to this conclusion, the ALJ referenced the Plaintiff's testimony and summarized the medical records related to her symptoms and treatment history. (Tr. 24-25). When evaluating the medical opinion evidence that she found most persuasive, the ALJ cited to a state agency consultant's prior administrative medical finding as persuasively concluding that Plaintiff could

*Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-00876
March 2, 2026
Page 6

only perform sedentary work.  (Tr. 25, 78-81).

Sedentary work includes jobs that allow for sitting and jobs that only occasionally require walking or standing.  20 C.F.R. §§ 404.1567(a), 416.967(a).  However, the RFC is silent on the Plaintiff's ability/inability to perform those functions.  Plaintiff testified that she suffers from back pain that is made worse by prolonged sitting, standing, bending, and twisting at the waist.  (Tr. 48).  But the record is devoid of specific findings related to Plaintiff's ability to sit.  The ALJ ultimately relied "on the objective medical evidence of record, the medical opinion evidence, and [Plaintiff's] activities of daily living, which lends to a finding that she is capable of work within the confines of the" RFC assessment.  (Tr. 26).  This assertion falls short of the explanation necessary to support the ALJ's RFC determination.  *See Donell F. v. Kijakazi*, Civ. No. GLS 21-2399, 2023 WL 203351, at *4 (D. Md. Jan. 17, 2023) ("[A] conclusory assertion falls short of a narrative discussion and fails to create an 'accurate and logical bridge' between the evidence and the ALJ's RFC determination." (citation omitted)).  Accordingly, remand is required because the "ALJ fail[ed] to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record."  *Mascio*, 780 F.3d at 636 (citation omitted).

The Court finds instructive *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018).  In *Woods*, the ALJ concluded that the plaintiff could perform "medium" work.  In reviewing the ALJ's decision, the court stated that the ALJ "summarized evidence that he found credible, useful, and consistent."  *Id.* at 694.  However, the court found the ALJ's decision lacking as it did not describe how the cited evidence supported the various limitations contained within the RFC.  *Id.*  The court found that the decision was not supported by substantial evidence because "the ALJ never explained how he concluded—*based on this evidence*—that [the plaintiff] could actually perform the tasks required by 'medium work,' such as . . . standing or walking for six hours.  The ALJ therefore failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion about [the plaintiff's RFC]."  *Id.* (internal citation omitted).  In the absence of a narrative discussion, the court found that remand was appropriate.  *Id.* at 695; *see Monroe*, 826 F.3d at 189 (an ALJ's decision must include a discussion connecting the evidence to each conclusion); *accord Dowling*, 986 F.3d at 388 (determining that "the ALJ did not properly assess the extent to which [the plaintiff's] sitting problems impacted her ability to work. [The plaintiff] has argued throughout her administrative and judicial proceedings that her [inflammatory bowel disease] and anal fissure cause her to experience discomfort when she sits for a prolonged period of time.  But the ALJ apparently concluded that [the plaintiff] was not restricted in her ability to sit, as he did not indicate that her RFC was limited because of those problems.  This conclusion should have been the result of an analysis that was separate from the ALJ's appraisal of [the plaintiff's] ability to perform other functions, and should have been accompanied by 'a narrative discussion describing' the evidence supporting it.  The ALJ's evaluation of [the Plaintiff's] ability to sit was lacking in both respects.  The ALJ never specifically discussed the extent to which [the plaintiff's] alleged sitting problems impacted her ability to perform sedentary work.  The ALJ could not have supported a conclusion in this regard through a narrative discussion concerning the relevant evidence because he reached no such express conclusion in the first instance.  In fact, the ALJ barely mentioned [the plaintiff's] sitting problems in his decision, and discussed them only when rattling off a laundry list of her many impairments and functional restrictions.  This grouping

*Cynthia S. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-00876
March 2, 2026
Page 7

of [the plaintiff's] sitting limitations with her other impairments and restrictions is a far cry from the 'function-by-function analysis' the ALJ was required to conduct." (internal citation omitted)).

In sum, because the ALJ failed to build an "accurate and logical bridge" between the evidence and her RFC assessment, this Court cannot find that her decision is supported by substantial evidence.  On remand, the ALJ should provide a proper function-by-function analysis that builds "an accurate and logical bridge" between the evidence and the Plaintiff's RFC.

## V.    CONCLUSION

For the reasons set forth above, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis.   The case is **REMANDED** for further proceedings in accordance with this opinion.  I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled and, therefore, not entitled to benefits, is correct.  The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such.  A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge